The opiirion of the Court was delivered by
O’Neall, J.
In this case, the appellants have relied alone on their 3d ground of appeal, and hence we do not notice the others.
The third ground presents no difficulty. For looking to the facts proved in this behalf, it appears the Company on receiving notice of abandonment, refused to accept it. What was to be done ? A sale by the master in possession seems to be the only safe and prudent course. This has the sanction of the most approved authorities. In 3rd Kent’s Commentaries, 273, the-learned author states, that “ in a case proper for abandonment th'e insured may stand upon his rights uncontrolled by the underwriter, for the option to abandon rests with him.” At page *149 277, he further 'says, that, “upon a valid abandonment, the master becomes the agent of the insurer, and the insured is not bound by his subsequent acts, unless he adopts them.” Hughes on Insurance, p. 32S, says, that when an effectual abandonment is made, the underwriters from that time stand in the same situation as owner.”
From these authorities, it is plain that the insured could not be affected, if the sale by the master "had been improper. For his act is the act of the insurer. But it seems that the master sold under notice, constantly within the observation of the officers of the Company : and made the sale at a place where they could have controlled it, and where, if there had been anything wrong, they could have pointed it out. They chose not to act or even observe, and hence they cannot complain, if the master having the boat in charge, which was disclaimed by insurer and insured, did the best he could for all concerned, by selling as well as he could.
The motion is dismissed..
Wardlaw, Frost, Withers, WhitNer and Glover, JJ. concurred.

Motion dismissed.